[Civ. No. 5781. Fourth Dist. Apr. 17, 1958.]

DYKE WATER COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF ORANGE COUNTY, Respondent; COUNTY OF ORANGE et al., Real Parties in Interest.

Paul Barksdale d'Orr and Glenn A. Lane for Petitioner.

No appearance for Respondent.

Joel E. Ogle, County Counsel, Adrian Kuyper and Robert F. Waldron, Deputy County Counsel, for Respondent and Real Parties in Interest.

BARNARD, P. J.—This is a petition for a writ of prohibition restraining the respondent court from hearing or trying an action, and from hearing or ruling upon the plaintiff's motion for summary judgment in said action, both of which matters had been set for hearing. Said action was entitled "County of Orange and Orange County Water Works District No. 3, Plaintiffs v. Dyke Water Company, a Corporation, et al, Defendants, No. 66822." The plaintiff water district will be referred to as "District No. 3."

It appears from the showing here made that the petitioner is a public utility corporation engaged in supplying water for domestic and commercial uses in portions of Orange County, under certificates of public convenience and necessity issued by the Public Utilities Commission, which will be referred to as the "Commission." In May, 1954, the Commission, in a proceeding before it, ordered this petitioner not to further extend its water system within the boundaries of District No. 3, or enter into any further contracts for water service within such boundaries, without further order of the Commission. This petitioner later extended its service into certain tracts, in accordance with contracts obligating it to serve water to said tracts, and subsequently those tracts were annexed to District No. 3.

In July, 1955, District No. 3 filed a petition before the Commission seeking an order requiring this petitioner to cease serving water to the inhabitants of five tracts all or part of which had been thus annexed to the district. In October, 1956, the Commission made its decision, dismissing the petition as to one tract and ordering that a certificate of public convenience and necessity be granted to this petitioner as to that tract, and further ordering that this petitioner continue to furnish water service in the other four tracts involved until the further order of the Commission. It was further provided that when District No. 3 should be ready to serve the consumers in these tracts, the Commission would issue a supplemental order directing this petitioner to cease and desist from furnishing water to its consumers in said tracts. A review of that decision was denied by the Supreme Court, and the Commission then issued a supplemental order on February 4, 1958, providing that District No. 3 should serve upon this petitioner a notice specifying the exact time when it was "ready to and will serve" petitioner's consumers in the specified tracts, and that concurrently with the commencing of service by the district this petitioner should cease serving consumers in those tracts.

On March 3, 1958, in an order denying this petitioner's application for a rehearing, the Commission stated that by its 1956 decision it had directed this petitioner to continue service in those tracts pending its further order; that it had also provided that when District No. 3 was ready to serve the consumers in those tracts a supplemental order would issue directing this petitioner to cease serving in such tracts; that in its supplemental order of February 4, 1958, it had provided that concurrently with the commencement of service by the district this petitioner should cease service in those tracts; that "Neither the 1956 decision nor the 1958 supplemental order questions petitioner's ownership of the water system unlawfully installed by it to serve the specified tracts. Nor do either of those orders purport to vest title to such system in the County or the District, nor direct petitioner to transfer or to 'turn over' any property or facilities"; and that "Petitioner is ordered to cease service therein 'concurrently with the commencement of service' by the County and the District. The latter will not be in a position to serve until acquisition of petitioner's facilities, by voluntary transfer or by eminent domain proceedings, or until construction of necessary separate facilities."

In the meantime, in October, 1955, the county and District No. 3 brought action Number 66822 in the respondent court. The complaint was based upon the contention that at the time the maps of these tracts were submitted to the board of supervisors for approval the respective subdividers had agreed to install water lines and facilities in the streets offered for dedication, and that said offers of dedication of said water lines and facilities as to each of said tracts had been accepted by the board of supervisors. The sole prayer of the complaint was that the defendants be permanently enjoined and restrained from using said water lines and facilities in each of these tracts, and from interfering in any manner with the use of said lines and facilities by the plaintiffs or either of them. An answer to the complaint was filed by this petitioner, and when the case was set for trial this application for a writ of prohibition was made to this court.

It cannot be questioned that the Public Utilities Commission has exclusive jurisdiction, subject only to review in the Supreme Court, over the question as to which of these agencies may presently supply water service in the areas here involved. The Commission has assumed such jurisdiction but has not yet made a final or unconditional decision, except with respect to one of these tracts and in that instance any injunctive relief granted by the respondent court would have the effect of reversing an order of the Commission. With respect to the other tracts, conditional orders have been made by the Commission, for the purpose of enabling District No. 3 to put itself in a position where it will be able to serve the consumers in these tracts. For this reason this petitioner was ordered to continue service to such consumers until such time as District No. 3 is prepared to render such service, and it was further provided that a supplemental order would then issue directing this petitioner to then cease such service. Until the question of title to these water systems is decided, and this supplemental order is issued, the jurisdiction of the Commission continues, and the respondent court has no jurisdiction to interfere with these orders of the Commission, and no jurisdiction to issue the injunction prayed for until such time as District No. 3 has established its title to the existing water systems, or otherwise acquired facilities which will enable it to comply with the orders of the Commission. (*Miller* v. *Railroad Commission*, 9 Cal.2d 190 [70 P.2d 164, 112 A.L.R. 221] ; *City of Oakland* v. *Key System*, 64 Cal.App.2d 427 [149 P.2d 195].) The orders of the Commission already entered clearly

indicate what District No. 3 must do before this petitioner is finally ordered by the Commission to cease service in the tracts involved, or before any such order of the Commission becomes effective.

It is ordered that a writ of prohibition issue prohibiting and enjoining the respondent court from issuing any injunction in Action No. 66822, until such time as the question of the title to the water lines and facilities involved has been determined and the county and Water Works District No. 3 are in a position to comply with the orders of the Public Utilities Commission.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied May 12, 1958, and the opinion and judgment were modified to read as printed above.